### SHEEHAN v. McMAHON et al.

(Supreme Court, Appellate Division, First Department. October 20, 1899.)

PRIMARY ELECTION LAW—POLITICAL COMMITTEES — SELECTION OF ELECTION OFFICERS.

Laws 1899, c. 473, known as the "Primary Election Law," provides (section 9, subd. 1) that each party shall have a general county committee, whose officers shall perform all duties respecting nominations of election officers for general elections conferred on the general committee, the county committee, the city committee, the executive committee, or the officers thereof given to any party by section 12. By section 12, as amended by Laws 1899, c. 630, each political party entitled to representation on an election board may file with the police board or mayor an original list of qualified members of such party to serve as such officers, and in New York City such list shall be authenticated and filed by the chairman of the executive committee of the county committee of the party in the respective counties wholly or partly in such city. *Held* to throw on the general committee of a party for the whole county the burden of determining the election of officers to represent that particular party, and hence an invited recommendation of persons for election officers from a member of the executive committee of the New York Democratic county committee, which executive committee is composed of one delegate from each assembly district appointed by the general committee, was not binding on its county committee, and the chairman of the executive committee, in accordance with section 12, properly authenticated and filed a list of others nominated by the general committee.

Appeal from special term, New York county.

Application by John C. Sheehan for summary process against Daniel F. McMahon and others under the primary election law. The application was dismissed (59 N. Y. Supp. 969), and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Roger A. Pryor, for appellant.

De Lancey Nicoll, for respondent McMahon.

Theodore Connoly, for respondent police commissioners.

INGRAHAM, J. This appeal requires a determination as to the right of an assembly district committee of the Democratic party in the city of New York to designate the election officers who are to be appointed under the provisions of section 12 of the election law, as amended by chapter 630 of the Laws of 1899. It appears that the organization of the Democratic party in the county of New York consists of a county general committee called the "General Committee of the Democratic Party of the County of New York." There is an executive committee, consisting of one delegate from each assembly district, duly appointed by the general committee. There are several subcommittees, one of which is a committee on election officers. The county general committee is composed of delegates elected by the Democratic voters in each assembly district. It appears that at a meeting of the executive committee held on May 8, 1899, a committee of three was appointed to supervise the selection of election officers, inspectors, poll clerks, and ballot clerks on behalf of the said organization, and full power was given to the said committee to act in that matter, and in the performance of their duties they invited from the various members of the executive committee from the several assembly districts recommendations in respect to nominations for election officers. In reply to said invitation, the plaintiff, who was a member of the executive committee representing the Ninth assembly district, delivered to the committee a list of election officers for that district. The said committee also invited from one Frank J. Goodwin recommendations in respect to nominations for such election officers, and received from said Goodwin a list of persons recommended by him for appointment as such officers. The said committee, having before them these two lists, and considering the fitness and qualification of the persons thus proposed and recommended by the plaintiff and Goodwin, determined that, under the circumstances, the interests of the party at large and throughout the county required the acceptance and approval of the proposals and recommendations of Goodwin in place of those recommended by the appellant, and thereupon duly adopted the list so delivered by Goodwin; and the respondent McMahon, acting as chairman of said executive committee of the general committee of the county, thereafter duly authenticated and filed the said list with the police board, as required by section 12 of the election law. It is alleged by the plaintiff, and not substantially denied, that the usual course has been for

the executive committee to accept the lists prepared and furnished by the committee of each assembly district as those to be recommended by the party at large for election officers; but it seems that the executive committee for the county had been the committee to whom the recommendations of the various assembly district committees were submitted, and whose formal adoption of such recommendations was necessary to make the lists submitted the choice of the party as a whole. It was to the executive committee of the party that the recommendations of the various assembly district committees were made, and it was the adoption by the executive committee of the central organization of such recommendations which made the persons thus recommended the choice of the county organization for the positions named. Nothing appears that would justify a finding that any rule existed by which the county organization was bound by the recommendation of a district committee, so that the persons recommended by a district committee were, without the action of the executive committee in some way expressed, the nominees in the county committee.

A consideration of the primary election law clearly shows, I think, that it was the intention of the legislature to throw upon the committee of the party for the whole county the responsibility of selecting the election officers of that particular party for the county. By the primary election law (subdivision 1, § 9, c. 473, Laws 1899), it is provided that:

"Each party shall have a general committee for each county. * * * Each county committee and the officers thereof shall have all the power and authority and shall perform all the duties, in respect to the nominations of officers to serve at general elections, conferred upon the general committee, the county committee, the city committee, the executive committee, or the officers thereof, given to any party in such county by section twelve of the election law."

By this provision, it is the county committee and the officers thereof upon whom is conferred the power and authority to perform the duties in respect to the nomination of the officers to serve at the general election. This power is not conferred upon the committee of any one assembly district, but upon the central county committee and its officers. Certainly this duty of nominating the officers is not confined to the acceptance without question of a list proposed by a single group of delegates to the county committee; but the whole county committee and its officers are to have "all the power and authority," and are to perform "all the duties," in respect to the nomination of the officers to serve at general election.

Turning to the general election law (section 12, as amended by chapter 630 of the Laws of 1899), it is provided:

"Each political party entitled to representation in any board of election officers may, not later than the first day of July in each year, file with such board or mayor an original list of persons, members of such party duly qualified to serve as election officers. * * * In the city of New York such lists shall be authenticated and filed by the chairman of the executive committee of the county committee of the party in the respective counties wholly or partly within such city."

Reading these two provisions of the statute together, it seems quite plain that it is the political party of the county as a whole, repre-

sented by its general committee, that is to select the persons to act as election officers, and a list of the persons so selected is to be authenticated and filed by the chairman of the executive committee of the county committee.  Then, by the same section, it is provided:

"In the city of New York the members of the board charged with the duty of appointing election officers, who represent the same political party, shall have the exclusive right and be charged with the exclusive duty of selecting from the lists submitted, or in lieu of persons named on said lists who shall have been found disqualified, the members of such party who are to be appointed as election officers."

It is upon the county committee that is thrown the burden of determining the election officers to represent that particular party, and the action of the county committee is to be authenticated by the chairman of its executive committee; and as the county committee, through its duly-authorized committee, has determined and settled the persons who are to be recommended for appointment as election officers in the Ninth assembly district, and as a list of the persons thus selected has been certified by the chairman of the executive committee, such persons were the persons entitled to be appointed Democratic inspectors in such district, and the court below was right in refusing to interfere.

Our attention has been called to the decision of a county judge in Kings county upon a somewhat similar question.  It is not necessary for us to approve or disapprove of that decision, as it was based upon an express rule of the general committee of the Republican party in Kings county which provides that "each executive member shall recommend to the chairman of the executive committee for appointment all election officials to be appointed to serve the Republican party in the assembly district which he represents."  There is no such rule of the Democratic general committee in the county of New York.  In that case, under the rule before referred to, the complainant recommended to the chairman of the executive committee a list of election officers to serve the Republican party in the assembly district which he represented, and requested the defendant to recommend such list for appointment.  That the defendant declined to do, but authenticated and filed a list of officials prepared by himself; and in that case the court held that, under this rule, the chairman of the executive committee was not authorized to prepare a list himself, but was bound to authenticate and file the list prepared by the representatives upon the executive committee of the assembly district, as such a list thus prepared was the list adopted by the general committee by operation of this rule, and no authority was given by the general committee to the chairman of the executive committee to prepare a list of his own.  A very different question is presented here.  As before stated, the list, as authenticated and filed by the respondent McMahon, was the list of those selected by the properly constituted officers and committees of the county committee.

We think, therefore, that the court was right in refusing to interfere with the act of the county committee, and it follows that the order appealed from is affirmed, with costs.  All concur.