The People of the State of New York ex rel. Peter J. Garvey, Appellant, *v.* The Democratic General Committee of New York County et al., Respondents.

Primary Election Law, § 11 — Mandamus to Compel Recognition as Member of Executive Committee of General Committee. An application for a peremptory writ of mandamus under section 11 of the Primary Election Law (L. 1898, ch. 179, amd. L. 1899, ch. 473) to compel the general committee of a county to recognize the relator as a member of the committee, and also to recognize as a member of the executive committee the person chosen by the relator and his associates, is properly denied where the relator has not been denied his rights as a member of the general committee, the person chosen is not named, no demand is made that any specific person should be recognized and no person has made any demand for such recognition.

*People ex rel. Garvey* v. *Democratic Com.,* 82 App. Div. 173, affirmed.

(Argued June 3, 1903; decided June 23, 1903.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 22, 1903, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the defendants to recognize the relator and his associates as members of the Democratic General Committee, and dismissed such writ.

The facts, so far as material, are stated in the opinions.

*Abram I. Elkus* and *Joseph M. Proskauer* for appellant.

*Max D. Steuer* for respondents. Mandamus should not issue. (*In re Haebler* v. *N. Y. P. Exchange,* 149 N. Y. 418; *People ex rel.* v. *N. Y. C. & H. R. R. R. Co.,* 156 N. Y. 575; *Matter of Guess,* 16 Misc. Rep. 306; *People ex rel.* v. *Cruger,* 12 App. Div. 536; *Matter of Grady,* 15 App. Div. 504; *Matter of Kennedy,* 75 App. Div. 188.) No demand was made upon the respondents for the relief demanded. (*People ex rel.* v. *Cruger,* 12 App. Div. 536; *People ex rel.* v. *Clausen,* 50 App. Div. 286.) There is no averment that the

respondents had notice that the relator and his colleagues from the ninth district had agreed upon a representative for the executive committee. (*People ex rel.* v. *Cruger,* 12 App. Div. 536; *People ex rel.* v. *Clausen,* 50 App. Div. 286.)

Gray, J.   The order of the Appellate Division has reversed, but not as matter of discretion, an order directing a peremptory writ of mandamus to issue on the petition of the relator, requiring the appellant, the Democratic General Committee of New York county, to recognize the relator and · his associates, who had been duly elected members of the Democratic general committee by the Democratic electors of the ninth assembly district, at a primary election, held September 16, 1902, as members of that committee and, further, " to recognize as a member of the executive committee of the said committee the person chosen by the relator and his associates from the Ninth Assembly District," etc.   The order of the Appellate Division, also, dismissed the proceeding.

I advise the affirmance of the order appealed from and for the following reasons.   In the first place, the writ of mandamus will only issue to compel the performance of a specific and definite act.   In this case, the duty commanded to be performed was indefinite and of possible dispute, or ambiguity; inasmuch as the person chosen for membership of the executive committee was not named.

In the second place, it appears from the return to the petition that the relator and his associates from the ninth assembly district were not denied the exercise of their rights as members of the general committee ; that they were accorded recognition and the right to vote upon all resolutions, except, possibly, upon the appointment of a committee on credentials, because of a protest having been filed to the seating of the delegates from the ninth assembly district; although it was answered to the petition that that resolution was unanimously carried.

In the third place, the person chosen from the ninth assembly district as a member of the executive committee was not

1903.] People ex rel. Garvey *v.* Democratic Com. 417

N. Y. Rep.] Dissenting opinion, per Bartlett, J.

named and no demand was made that any specific person should be recognized as the member of the executive committee. Nor did any person make any demand to be recognized as the member of the executive committee chosen from the ninth assembly district.

These reasons, in my opinion, made the issuance of a peremptory writ of mandamus an error, for which the order of the Special Term was properly reversed.

The order appealed from should be affirmed, with costs.

Bartlett, J. (dissenting). I dissent on the ground that the meeting of the Democratic general committee of New York county, whose action is now under review, proceeded in violation of the Primary Election Law (Chap. 473, Laws of 1899).

The meeting of the committee was for the purpose of organizing for the year 1903. There was a rule of the committee in force, in 1902, to the effect that there should be certain standing committees of the county committee. Among others was an executive committee, to consist of one member from each assembly district and one from the annexed district.

Section 9 of the law empowers the general committee "to make and adopt rules and regulations, but unless so adopted, the rules or regulations adopted by the last preceding county or city committee of said party in said county or city shall remain in full force and effect until repealed or amended in accordance with the provisions of this act."

Section 9, subdivision 2, of the Primary Election Law points out the manner of amending the rules and regulations as follows: " The rules and regulations of parties, and of the conventions and committees thereof, shall not be contrary to, or inconsistent with, the provisions of this act, or of any other law, and shall not be amended except *upon reasonable notice.* Every political committee shall, within three days * * * after its adoption file with said custodian a transcript of every rule and regulation of said party in said county and of every amendment thereof duly certified in like manner."

As there were no new rules duly passed for the government

of the general committee for the year 1903, the rules of the last preceding committee in the year 1902 remained in full force and effect; this being the fact, there was a rule providing that the executive committee should consist of one member from each assembly district.

It seemed to be conceded on the argument that the result of the resolution offered in the meeting now under review, to the effect that there should be an executive committee, consisting of one person from each " uncontested " district, had the practical effect of excluding the representative from the ninth assembly district for the entire year of 1903.

In order to meet this situation, it is argued that the bare introduction of a resolution, to the effect that the representatives on the executive committee should be made up from uncontested districts, was in itself an amendment of the rule of 1902 covering this subject.

The fallacy of this argument is obvious, when it is recalled that no rule can be amended except upon reasonable notice and the filing thereof within three days with the proper officer.

The object of the Primary Election Law is to guard the rights of all parties by suitable rules and regulations that can only be amended after notice and proper discussion.

So long as the respondent the General Committee proceeds according to the provisions of the Primary Election Law and the clear legal rights of its members, the courts are not authorized to interfere. In this case the provisions of the Primary Election Law were utterly ignored, and for that reason I favor reversal.

PARKER, Ch. J., O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur; BARTLETT, J., dissents.

Order affirmed.