ISAAC SCHLEIMER, Plaintiff, v. DAVID KNOTT, as President of the Democratic County Committee of the County of New York, et al., Defendants.

Supreme Court, Special Term, New York County, January 11, 1944.

*George G. Lake* for plaintiff.

*Andrew M. Lawler* and *Jacob Markowitz* for defendants.

Hecht, J. Plaintiff, a duly elected member of the Democratic County Committee of the County of New York, brings this action against the president and the treasurer of the Committee pursuant to section 13 of the General Associations Law. While the individual defendants are sued formally, the real defendant is the Democratic County Committee of the County of New York.

The present application is for a temporary injunction, enjoining the Committee from putting into effect certain new rules adopted at a meeting of the County Committee held on August 23, 1943.

The rules adopted effected a material change in the number and voting strength of the members of the executive committee of the County Committee. Plaintiff claims the purpose was twofold, to eliminate political opponents of the newly elected chairman and to weight the Committee in his favor. On this motion the court is concerned only with the legality of the adoption of the rules; not with the motives prompting their enactment. The legality of the action of the Committee in adopting the rules is attacked upon two main grounds, (1) that the meeting was not properly conducted and (2) that it had no power to adopt the rules. The first ground presents a factual dispute which cannot be determined upon affidavits; the second, a question of law, namely, whether the committee at its organization meeting may adopt new rules without notice to the members of the Committee that they would be presented at the meeting for adoption.

The governing statutory provision is section 15 of the Election Law. It contains provisions for the Committee to meet and organize by the election of such officers as the rules of the Committee may provide. It also provides that the Committee may " prepare " rules for the government of the party within the political subdivision and for the filing of the rules when adopted. It also provides that " such rules shall continue to be the rules

for the committee until they are amended or new rules adopted.''
There is also a provision that '' Such rules may be amended
from time to time by majority vote of the committee, provided
a copy of the proposed amendment shall be sent with the notice
of the meeting at which such amendment is to be proposed ''.

Prior to 1911 the statute (then known as the Primary Election
Law) read '' make and adopt rules.'' (L. 1899, ch. 473, § 9;
amd. L. 1901, ch. 167.) Plaintiff argues that the change
of language, to '' prepare '' in the present law, indicates
a legislative intent to limit the organization meeting solely to
the preparation of rules to be later adopted on notice to the
members of the Committee. I do not agree with this contention.
A newly elected county committee when it meets for organiza-
tion may adopt any rules it desires to govern its future action,
provided, of course, such rules do not contravene any statutory
provisions. The Legislature provided that until such time as
the new rules should be adopted at the organization meeting,
procedure should be governed by the rules of the outgoing
committee, and in the event that new rules were not adopted at
the organization meeting the rules of the previous committee
would continue to be in force and effect. Thereafter, that is,
after the first or organization meeting of the committee, any
amendments to existing rules or adoption of new rules would
have to be made on notice to the members of the committee
pursuant to the provisions of section 15 of the Election Law.
(*People ex rel. Garvey* v. *Democratic Committee of New York
County*, 82 App. Div. 173, affd. 175 N. Y. 415; *Matter of Kerri-
gan* [*Simpson*], Supreme Court, N. Y. County, N. Y. L. J.
Oct. 17, 1939, p. 1159.)

Motion for injunction is denied. Defendants' cross motion
is denied. The complaint sets forth but one cause of action based
upon the alleged improper and illegal adoption of the rules
above referred to. The order to be submitted on notice may
at the option of plaintiff provide for an earlier trial of the
issues.