In the Matter of JOHN J. BRODERICK, Petitioner, against DAVID H. KNOTT, as Chairman or President of the County Committee of the Democratic Party of New York County, et al., Respondents.

Supreme Court, Special Term, New York County, November 22, 1949.

*Emil K. Ellis, Abraham J. Heller, Jonas Ellis* and *Abraham Beital* for petitioner.

*Jacob Markowitz, A. L. Sainer* and *Abraham Gellinoff* for respondents.

BENVENGA, J.. This is a proceeding under section 330 of the Election Law for an order, among other things, annulling a meeting of the county committee of the First Assembly District, at which meeting the respondents Murphy and Bates were elected executive members.

The First Assembly District at the time of the meeting was divided into four portions or divisions. One was known as the " Murphy " district, and another as the " Toplitz " district — so-called after the executive members of those districts.

At the primary election held on September 6, 1949, the petitioner was a candidate for county committeeman and candidate for executive member of the portions or divisions of the First Assembly District known as the Murphy and Toplitz districts. He was actually elected a county committeeman in an election district comprised within the Toplitz district, and candidates pledged to his candidacy for executive member were also elected county committeemen in election districts included within the Toplitz district.

Following the primary election, the respondent Knott, as president of the general county committee, and in accordance with the rules and regulations of the committee, issued a call for an organization meeting of the county committeemen elected in the Murphy and Toplitz districts. This meeting was held on September 13, 1949, and resulted in the election of the respondents Murphy and Bates as executive members.

Subsequently, on September 14, 1949, the election of Murphy and Bates was approved by the old executive committee and by the newly elected county committee. Simultaneously, the general county committee, in accordance with the Election Law, adopted rules and regulations for the government of the party within the county of New York (Election Law, § 15; *Schleimer* v. *Knott,* 181 Misc. 421, and cases cited).

These rules, in effect, amended the old rules and regulations by (1) reducing the number of executive committee members in the First Assembly District from eight to six; and (2) eliminating the provision barring any executive member from representing more than one portion or division of the district.

The question presented involves the legality of the meeting of the county committeemen of the First Assembly District, and the action of the executive committee and the newly elected county committee.

Under the rules and regulations of the county committee, then in force and effect, it was provided, among other things, that the executive committee of the First Assembly District was to consist of eight members, each entitled to one-eighth vote (art. VI, A-1); that, where an assembly district was divided into portions or divisions, as in the instant case, no member of the executive committee shall represent more than one portion or division; the executive committee being vested with power to determine and designate the portion or division which each member shall represent (art. VI, A-2); that members of the executive committee for such an assembly district " shall be selected and elected by that part or division of the district county committee which is elected in each of said portions or divisions respectively, and not by the county committee of the entire assembly district " (art. VI, A-2); that, moreover, the members so selected and elected " shall be submitted at the last meeting of the existing executive committee held in such year, and from the list of such selections there shall be reported to the first meeting of the general county committee the names on such list, approved by such executive committee, and upon approval thereof by the general county committee, the same shall, with the ex-officio members, constitute the executive committee " (art. VI, A-3).

It is undisputed that, here, a joint meeting of the county committeemen elected in the Murphy and Toplitz districts was held over the protest of the petitioner and the county committeemen pledged to his candidacy. The county committeemen elected in the Murphy district were permitted to vote for Murphy and Bates in the Murphy, as well as in the Toplitz district, and Murphy and Bates were thereby elected members of the executive committee for both districts — contrary to the rules and regulations then in existence. Obviously, the purpose and effect of the rules and regulations thereafter adopted was to validate, if possible, the election of Murphy and Bates.

The selection and election of the respondents Murphy and Bates is, under the circumstances, a nullity. The fact that the petitioner sought to obtain the votes of county committeemen in both the Murphy and Toplitz districts is immaterial. The rules and regulations then in force and effect did not prohibit the petitioner from doing so. It merely prohibited a member of the executive committee from representing more than one district or a portion or division of such district. That a candidate for membership on the executive committee is not prohibited from seeking election in more than one portion or division of an assembly district is implicit in the rules and regulations themselves; for, as we have seen, they vest the executive committee with power to determine and designate the portion or division which each member shall represent.

The selection and election of the respondents Murphy and Bates being a nullity, the action of the then existing executive committee and the newly elected county committee in approving their selection and election is likewise a nullity.

The contention that this court is without jurisdiction of the proceeding is untenable. It is clear that the petitioner was a candidate for membership on the executive committee and, as such, a candidate for election to a " party position ", within the meaning of section 330 of the Election Law. It is equally clear that the petitioner is a " candidate aggrieved " within the meaning of that section, and that this court has jurisdiction, in a proceeding of this nature, to summarily determine any question of law and fact arising thereunder, and to " make such order as justice may require." (See *Matter of Crawford* v. *Cohen,* 291 N. Y. 98, 102–103, and *Matter of Connolly* v. *Cohen,* 173 Misc. 288, 291–292, affd. 258 App. Div. 945.)

Here, justice requires that a new meeting be held of that portion or division of the First Assembly District included within the old Murphy and Toplitz districts, for the purpose of selecting and electing the executive members to represent that portion or division of the assembly district on the executive committee, and also that new meetings be held of the executive committee and of the county committee to approve the election or selection of the executive members so chosen.

Moreover, the meetings must be conducted in accordance with the present rules and regulations. The old rules were abrogated when the new ones were adopted, and such new rules continue to be the rules for the government of the party within the county of New York " until they are amended or new rules adopted " (Election Law, § 15; *Schleimer* v. *Knott, supra;*

*Matter of McDonald* v. *Heffernan,* 196 Misc. 465, affd. 275 App. Div. 1054, affd. 300 N. Y. 488).

Nor does it follow that the issue is academic because of the provisions of the new rules or because those rules, and not the old ones, now govern. The issue must be presented anew to the various committees for such action as they may deem advisable.

The prayer of the petition is granted to the extent here indicated. Settle order in accordance herewith.