Jacob Markowitz, J.
Petitioner, a member of the State Committee of the Democratic party, seeks by means of this article 78 proceeding to compel the committee chairman to give bim access to and allow him to examine the financial books and records of the committee. Respondent cross-moves to dismiss the petition on several grounds:
(1) The subject matter of the proceeding is of a political nature with respect to which the court has not been given statutory authority to act and with respect to which it ought not to entertain jurisdiction.
(2) The matters of political judgment that the petitioner asks the court to pass upon involve the internal affairs and policies of a political party which should be determined in the political arena and not by the courts.
(3) The petitioner has not brought himself within those classes of eases under which relief may be granted in a proceed *235 ing brought under article 78 of the Civil Practice Act. No duty is specifically enjoined by law requiring the Chairman of the State Committee of any political party to make his financial records available for public inspection. No legally protected right of the petitioner is violated. No allegation is made that the rules of the party authorize such an examination.
(4) The proceeding is not brought in good faith. It is brought in an attempt to use the court as a medium of an intraparty controversy.
It is petitioner’s contention that access to the financial records must be afforded him in order to fulfill his duties to his constituents. Outside of a bare, unsupported suspicion that party funds might have been used for extra-party purposes, no actual allegation of wrongdoing appears in the petition, and it was admitted at the argument of this proceeding that petitioner has no knowledge of any wrongdoing or of any improper use of party funds.
Nevertheless, it was asserted on the argument that the “ exploration ” was necessary in order to ascertain whether or not there had been any wrongdoing or any improper use of party funds, or, more specifically, to ascertain whether or not, as contended by petitioner, upon information and belief, in paragraph 10 of his petition 11 that expenditures of funds collected by the said State Committee have been made or authorized by the Respondent for purposes other than the furtherance of the aims of the Democratic Party of the State of New York.”
If this were a proceeding by a stockholder of a stock corporation, by a member of a membership corporation or by a member of an unincorporated association, for examination of financial books, records and accounts, based on the allegations of the within petition and statements made on the argument, it obviously would be characterized as a 11 fishing excursion ” and be disallowed. While it is obvious that the petitioner fails to present any basis for the court’s entertaining the proceedings, the court nevertheless will pass on the question as to which petitioner seeks a determination, to wit, whether, as a matter of right, a single member of a 300-member political-party body is entitled to delve into its financial records.
Under our system of party government, it is clear that certain questions are of a political nature, which the courts, in the absence of statute, should not undertake to decide but should leave for determination of the proper party tribunals. This does not, however, mean that the courts will not under some circumstances assume jurisdiction in party disputes where *236 legal, as opposed to political, rights are involved. To facilitate determination of what is a legal right and what is political, the Legislature has from time to time enacted laws governing electoral procedures and party affairs. It would thus appear that in intraparty controversies, the court will assume jurisdiction only where clear legal or statutory rights are involved (see Matter of Fairchild, 151 N. Y. 359).
Under the statutory scheme of this State, full financial disclosure is required of candidates, other specified individuals and political committees as defined in section 320 of the Election Law (see Election Law, art. 13). No such requirement appears for party committees such as is involved here (Election Law, art. 2). The only legislative control imposed on party finances is that party funds may not be used for primary election purposes (Election Law, § 19), a matter not in issue here.
That there is no requirement for disclosure of party committee finances, either to the public at large or to committee members, appears to be, in light of other disclosure requirements in the law, legislative design rather than legislative oversight. It may well be, in this day and age, that the Legislature might give consideration to the advisability of requiring disclosure of receipts and disbursements by political parties, groups and organisations who attempt to influence the minds of the people. Such requirement may enable us to ascertain the individuals who support and advocate the diversified concepts and views that affect our way of life. It would be unfortunate if only recognized political parties were so obliged to file, whereas groups and organizations, working under the questionable guise of nonpolitical motives, were not so obliged.
In permitting party committees to formulate thesir own rules and organize themselves as they see fit (Election Law, § 15), the Legislature presently has manifested an intention of general noninterference with party government.
Under the present rules of the Democratic State Committee, no right such as petitioner seeks herein is evident. If such a requirement appears desirable to the full committee, there is no reason why the rules may not be amended so as to include it. If the committee fails to act, and should the principle of financial disclosure appeal to the party rank and file, the party electorate in the last analysis has the power to change the committee’s character at the next party election.
Petitioner’s protestation at the argument of this proceeding, that, as a practical matter, his efforts to obtain the relief he is currently seeking, by appealing to the State Committee itself, would be futile, is unconvincing. Since he has no personal right *237 to inspect the financial records, he may not circumvent majority rule by seeking court interference in a factional dispute. As a member of an organized body, he is bound by its rules and general policy (Allee v. James, 123 N. Y. S. 581). Petitioner’s application is denied, and the cross motion to dismiss is granted.