Morris E. Spector, J.
By applications numbered 5 (Goldsmith v. Fusco), 6 (Brooks v. Buckley) and 9 (Bauman v. Fusco) of the calendar of January 8, 1965, petitioners move to annul the action of the county committee which, on June 18, 1964, elected respondents Masciarelli and Gargiulo as members of the Bronx County Executive Committee from the Twelfth Executive District, and respondents Campione and Catania from the Seventh Executive District. They further seek to annul any actions taken by such respondents and to enjoin them from further actions. Finally, an order is sought requiring a new election with respect to the members of the executive committee of the Twelfth Executive District West and the Seventh Executive District East under the rules of the Democratic party in effect on June 2, 1964. These applications are consolidated and will be disposed of together.
The facts are not in dispute. The reform forces of the Democratic party in Bronx County concentrated their efforts for the election of county committeemen in the Twelfth Executive District West and the Seventh Executive District East. They did not run slates of candidates in Twelfth East or the Seventh West. Their county committeemen were committed to support executive members opposed to the incumbent regular Democratic party executive committeemen from those districts, at the primary held on June 2, 1964. They were successful and elected a majority of the county committeemen in the districts in which they had concentrated. Thereupon, and after the primary, on June 8,1964, the executive committee passed a resolution joining both East and West Districts of the Seventh Assembly District and the Twelfth Assembly District into single districts. Par *328 entlietieally, the Seventh and Twelfth Assembly Districts were the only districts in Bronx County which had been divided into two executive districts. Every other executive district is coterminous with an Assembly District.
Special Term, while critical of the procedure, believed that the executive committee acted within the sanction of the law (N. Y. L. J., June 18, 1964, p. 14, col. 6). On appeal such determination was reversed, and the resolution joining the districts was invalidated (Matter of Bauman v. Fusco, 21 A D 2d 470), that court holding that no rule of the old county committee could extend the authority of the executive committee after it became functus officio.
By subsequent order permission was granted to move at Special Term, on supplemental papers, and to join additional parties. Such are the proceedings now before the court. On the papers submitted it appears that on June 15, 1964 meetings of the county committee of the joined districts were held at which the above-named respondents were elected. Thereafter, on June 18, 1964, a meeting of the entire Bronx County Committee was held. That body, after organizing itself, passed new rules. The propriety of this meeting is not questioned by the petitioners, nor is the adoption of the rules. In fact, it is indicated that the petitioners participated in the proceedings and offered amendments to the rules which were defeated. These rules set up a procedure by which an executive committee was to be chosen. They also provided that the boundaries of the Assembly and Executive Districts shall be the same. Thereafter, a resolution was adopted allowing certain members to serve on the executive committee, among whom were the above-named respondents in the Seventh and Twelfth Districts. It is noted that, at the meeting, petitioners Bauman and Brooks submitted amendments to the resolution to strike the names of the respondents from such positions and in the case of Bauman to substitute his name and one Benee Handel. The amendments were defeated.
The first branch of the applications is granted, there being no objection. The persons sought to be added as parties respondent are joined in these proceedings.
With respect to the balance of the application, it is denied. The Legislature has set up in article 2 of the Election Law, the methods and procedures for the operation of political parties in this State. Section 10 of such article provides for the creation of State and county committees and such other committees as the party rules provide. Section 12 mandates that the county *329 committee shall he elected from each election district. Section 13 provides that county committeemen shall be elected in primary elections and that when elected they shall hold office until the election of their successors. Section 14 allows other committees to be formed in the manner provided by the rules of the party. Subdivision 1 of section 15 provides that the county committee shall meet and organize within 20 days after its election. Subdivision 2 of section 15 allows the county committee to prepare rules to govern the party within the county. Subdivision 3 of section 15 is not considered in this opinion, as the rules of the Democratic party of Bronx County do not provide for the direct election of Assembly District leaders. Nor are the remaining sections of article 2, as they are not concerned with the question presented here.
From the above sections it is apparent that the executive committee of Bronx County is a creature of the county committee. Nor is there a party position of executive member or leader that is voted for by the electorate. Such executive committee has no de jure existence after the election of a new county committee, although it may continue de facto, in administrative matters, to bridge the gap between primary day and the organization of the new committee (Matter of Bauman v. Fusco, 21 A D 2d 470, supra). The newly elected county committee must meet within 2b days after its election and may prepare rules for the government of the party in the county. Under the Election Law it may or may not form an executive committee and it may or may not provide for the election of such members of the executive committee by the county committee. It could, for example, designate a person or a group to select other functionaries to administer the affairs of the party for the next two years. Such would depend on the rules they adopted or on such rules until amended. Therefore, the position of the petitioners is untenable, as county committeemen could not be committed to a candidate for the party position of executive member, as there would be no such office unless the county committee, after its election, determined there was to be such office. The best that can be said for their contention is that they intended to vote for other than regular Democratic executive members, if the majority of the county committee continued the procedure of selecting leaders in executive districts. It is the duty of the county committeemen, and they are the only people who have the right, after they are elected, to conduct all of the affairs of their party during their term of office. For the more efficient operation of the party, they may delegate to committees or individuals power to *330 administer such affairs, but this does not divest them of the power bestowed on them by the party voters.
It has been held that the Legislature has manifested the intention of noninterference with political party government by allowing parties to formulate their own rules (Matter of Leichter v. Prendergast, 32 Misc 2d 234). It has also been held that the court is not concerned with the motives of a county committee in adopting rules, but with the legality of the adoption of such rules (Schleimer v. Knott, 181 Misc. 421).
It is shown and not controverted that the county committee of the Democratic party of Bronx County, duly met on June 18, 1964; that it was properly organized and prepared and adopted rules for the government of the party, one of which was that the boundaries of the various executive districts shall be the boundaries of the respective Assembly Districts, another of which was that there would be an executive committee composed of two members, one male and one female, from each executive district, to do all things necessary pertaining to the conduct of the affairs of the party and its organization. This court does not have the right or the power to thwart the will of the majority of the members of the county committee, which, charged with the duty by law, properly organized itself and adopted rules to carry out the affairs of the party for its term of office.
In addition, to the extent that such is necessary, the county committee ratified the procedure of the various executive districts, including the Seventh and Twelfth, in calling executive district meetings to organize at that level and select members of the to-be-formed executive committee. Indeed, it would serve no useful purpose to order new meetings for such purpose, as the papers clearly indicate that the regular Democratic party had a majority of the county committeemen in the Seventh and Twelfth Executive Districts. In addition, although the names of the petitioners were presented for approval to the county committee, as required by the rules, they were rejected. Any new executive district county committee meetings would have to be called pursuant to the newly adopted rules (Matter of Broderick v. Knott, 197 Misc. 114, affd. 276 App. Div. 960, app. dsmd. 301 N. Y. 723). Needless expense would ensue to require additional meetings to determine the matters already passed upon.
Finally, no voters were disenfranchised, as their duly elected county committeemen had the opportunity to appear at the executive district meeting and run as potential candidates, and had the opportunity and did appear at and participate in the county committee meeting but because of their small number were unable to carry out their intentions.
*331 Accordingly, the court is of the opinion that the actions of the county committee in the meeting held on June 18, 1964, were legal and proper. Therefore, the applications of the petitioners are denied and the petitions dismissed, except as heretofore indicated.