Harold Tessler, J.
In this article 78 CPLR proceeding, petitioner seeks an order declaring “ the designation of martin m. psaty as the candidate of the Democratic County Committee of the County of Queens for the office of Assemblyman of the 27th Assembly District, County of Queens, by three Assembly District leaders, at the meeting held on or about April 19, 1966, as invalid and in violation of the rules and regulations of the County Committee of the County of Queens ”.
Petitioner is the incumbent Democratic Assemblyman from the 30th Assembly District, which came into being in 1965 as a result of a court-mandated reapportionment. He presently resides in the 27th Assembly District and is a candidate for recommendation for designation by the Democratic party for the office of Assemblyman for that district, recently created as a result of the reapportionment decreed by the Court of Appeals on March 22,1966.
It appears that at a caucus meeting held on April 19, 1966 the respondent Martin M. Psaty was recommended for designation as the choice of the executive committee of the Democratic organization of Queens County for the public office of Assemblyman for this newly created 27th Assembly District; that this meeting was attended by three executive members, Claire Psaty, *317 Eva Cassidy, and James A Phillips, Jr., and that all three voted for the respondent Psaty. It is this meeting and the action taken that petitioner seeks to set aside as contrary to the rules of the Democratic organization of Queens County. These rules are formally entitled ‘ ‘ Buies for the Government of the Democratic Organization of Queens County” and were adopted on June 17, 1964.
All sides agree that section 3 of article XIII entitled “ nominations AND DESIGNATIONS FOB, PUBLIC OFFICE ” is the applicable and governing section of said rules in relation to the instant situation. That section reads as- follows: “Where a public office is to be voted for by the electors of an Assembly District * * *, the members of the Executive Committee of the County Organization from all the Executive Districts within said Assembly * * * District * * * and the Chairman of the Executive Committee shall constitute the committee to recommend a candidate for designation. The Executive Members shall each have one vote, and a candidate shall be recommended for designation by a majority vote of the members present at such meeting. ’ ’
Petitioner contends that the above rule requires the participation of the 10 executive members (district leaders) whose executive districts are either in whole or in part within the new 27th Assembly District in said meeting to recommend the Assembly candidate. These executive members and their respective Assembly Districts are as follows:
Charles Imperial, Caroline Foris, 2d Assembly District
James A. Phillips, Jr., Eva Cassidy, 3d Assembly District
Joseph Lisa, Claire Psaty, 5th Assembly District
Sy Thaler, Eleanor Sacks, 7th Assembly District
Conrad Bemling, Caroline Schmidt, 13th Assembly District
He contends that the vote of the three above-mentioned executive members present at the meeting of April 19, 1966 was in violation of the rules and consequently arbitrary and capricious.
It is obvious that the above-mentioned section 3 was neither contemplated nor intended to apply to the present situation of a sudden reapportionment with its resulting newly created district. There are no issues of fact that are in dispute, but simply an issue of law — one of legal construction and interpretation of the governing section so as to best accomplish its contemplated purpose in view of the present circumstances. The members of the Democratic Executive Committee of Queens are in" fact the duly elected leadership of the Democratic party; as provided in the party rules (art. VI, §§ 2 and 3) the members of *318 the executive committee are elected by the enrolled members of the Democratic party in the primary election.
Section 1 of article VIII states: “At all times when the County Committee is not actually in session, the Executive Committee of the county organization shall have, possess and exercise all the rights, privileges, powers and duties which the said County Committee may have, possess or exercise.”
It is undisputed that a regularly and legally called meeting of the entire executive committee was held on April 14, 1966 for the purpose of recommending the designation of candidates for the various public offices to be voted in the Fall election (54 of the total number of 56 members attended said meeting). It appears that a caucus meeting for recommending the designation of a candidate for the public office of Assemblyman in the subject 27th Assembly District was called at that time, amongst others. This meeting was adjourned to April 19, 1966 at the request of several of its members.
The opposition to the petition is stated in paragraph 5 of the affidavit of Joel L. Cohen, chairman of the Queens County Demo- . cratic Law Committee, as follows: “ That the Executive Committee met on April 14, 1966 * * * for the purpose * * * of recommending the designation of candidates for public office and interpreted Section 3 of Article 13 to mean that the Committees to recommend the designation of candidates for the public office of Assemblymen should be comprised of those members of the Executive Committee who resided within the Assembly District.”
As applied to the 27th Assembly District, the resident members of the executive committee were James A. Phillips, Jr., Eva Cassidy, Claire Psaty and Conrad Remling, who, together with the chairman of the executive committee would compose the committee’s full membership for the purpose of recommending a candidate. This action and interpretation was taken without objection by any of the other executives mentioned by the petitioner and in fact, there is attached to the opposing affidavits the express consent of several of those executives to the interpretation adopted and also attesting to their express desire not to participate in the adjourned meeting of April 19, 1966.
Section 3 of article VIII of the Democratic organization rules provides; ‘ The Executive Committee shall have the right to adopt regulations and bylaws not in conflict with law or these rules While the executive committee, in the court’s opinion, does not have the right to amend the rules (art. XV, § 1, permits an amendment by a majority of the members of the county *319 committee), I believe it to be entirely within its province and a proper exercise of its powers to adopt a construction or interpretation of one of its provisions for the purpose of implementing same so as to properly effect its intended purpose. Particularly is this so in a situation such as we have here, where the subject rule was never intended to serve a newly born situation.
It has long been the general rule that the courts will not interfere with the conduct of the affairs of a political party, absent the violation of a legal or statutory right. As was stated in Matter of Leichter v. Prendergast (32 Misc 2d 234, 236): ‘ ‘ In permitting party committees to formulate their own rules and organize themselves as they see fit (Election Law, § 15), the Legislature presently has manifested an intention of general noninterference with party government”. (To like effect, see Matter of Licitra v. Power, 10 A D 2d 996; also, Matter of Battipaglia v. Executive Committee, 9 A D 2d 774, affd. 7 N Y 2d 976.)
In view of the fact that the present members of the executive committee of the Democratic organization of Queens County, as presently constituted, were last elected in 1964, there may be a question as to its legal validity as a whole inasmuch as the Assembly Districts and executive districts from which these members were then elected have been substantially altered, both geographically and in voter content by reason of the reapportionment effected in 1965 as well as this year. It is apparent that many of the districts which the executive members purportedly represent were not in existence at the time of their last election in 1964 — and certainly not in their present form. This question has not been raised by either of the parties hereto and is not before this court for resolution. It is mentioned merely in connection with petitioner’s argument that the April 19, 1966 meeting attended by only three executive members was invalid for the reason that many of the enrolled Democratic voters within the new Assembly District had no voice through their elected leaders in the selection made at said meeting.
I find that the meeting held on April 19, 1966 was valid and in accordance with the rules and regulations of the Democratic organization of Queens County. Accordingly, the petition is dismissed, without costs.