Daniel E. Fitzpatrick, J.
This is an application brought oh by order to show cause to require the board of elections to accept the Republican applications for inspector of elections filed by Robert E. Barnes as Chairman of the Republican County Committee of Queens County. By his petition Mr. Barnes alleges that the Chief Clerk of the Queens office of the Board of ■Elections has been instructed by an unidentified individual not to accept any applications for the office of inspector of elections authenticated by him. He further alleges that the board of elections has indicated that it will refuse to accept such applications.
*449 By a subsequent order to show cause, the Queens County Republican Executive Committee seeks leave to intervene. From the supporting papers therein it appears that a list of inspectors was proposed by the executive committee but petitioner was unavailable to authenticate it. It further appears that the vice chairman authenticated that list and it was submitted to the board.
On August 29, 1974 this court directed that a hearing be held on the instant matter, which was attended by counsel for both the Republican Executive Committee and the Republican County Committee, as well as the board of elections. After extensive argument, this court granted the Republican Executive Committee ’s request to intervene. It further directed the Chief Clerk of the Board of Elections within the County of Queens to furnish the court with the dates such lists of inspectors were submitted. The court has ascertained that the list of the executive committee, authenticated by Vera Hafker as Vice Chairman of the Republican County Committee, was received on July 31, 1974. On August 22, 1974 the petitioner’s list was received by the board.
Inspectors are officials (Election Law, § 39, subd. 1, par. [a]) who are appointed by the board from a list submitted by each of the two major parties and authenticated by the chairman of their respective county committees. (Election Law, § 40.) Such lists must be filed on or before July 1 of each year and the selection of inspectors must be made by the board on or before September 1. (Election Law, § 40.)
However, it is clear in this matter that no lists of Republican inspectors were furnished to the board of elections on or prior to the July 1 date as required by law. Accordingly, it becomes the duty of the board of elections to select duly qualified Republicans to serve as inspectors (Election Law, §§ 40, 42). In this instance the selection would be made solely by the Republican members of the board of elections. (Election Law, § 42.) Such members of the board of elections may appoint qualified election inspectors from whatever source they may deem appropriate.
Further, the list submitted by petitioner was unauthorized. The first sentence of the second paragraph and the first sentence of the third paragraph of section 40 are substantially identical to section 12 of the Election Law of 1896. In interpreting that predecessor statute, the Appellate Division, First Department, in 1899 held that the authority for selecting persons to be named inspectors is with the county committee and their choice is to be authenticated by the chairman (Chairman of the Executive *450 Committee in the 1896 statute) (Matter of Sheehan v. McMahon, 44 App. Div. 63, 66-67). That court also indicates that the county committee might delegate this authority to another committee. Such delegation of authority would be consistent with current law (Election Law, § 15; Matter of Bauman v. Fusco, 45 Misc 2d 326, 329-330, affd. 23 AD 2d 404, affd. 16 N Y 2d 952). The county committee was never convened in relation to these appointments and pursuant to the rules of the Republican County Committee (art. V, § 3) the Executive Committee was authorized to act. Section 3 of article IV of these rules furthei* provides that in the absence of the chairman the vice chairman shall perform his functions.
Accordingly, the relief demanded by the petitioner is denied. To the extent that the board has appointed Republican inspectors, their action was proper. To the extent that vacancies exist in the position of Republican inspectors, the board shall forthwith fill these vacancies from whatever source they may deem proper pursuant to the authority granted in section 42 of the Election Law.