Vander L. BEATTY and Samuel D. Wright, Plaintiffs,

v.

Amadeo ESPOSITO, as Chairman of the Executive Committee of the Democratic County Committee of Kings County, et al., Defendants.

No. 75C 1828.

United States District Court, E. D. New York.

March 26, 1976.

Harry R. Pollak, New York City, for plaintiffs.

Harold L. Fisher, Brooklyn, N.Y., for defendants Esposito and Golden.

W. Bernard Richland, Corp. Counsel, New York City, by Robert M. Katz, Asst. Corp. Counsel, Flushing, N.Y., for defendant Bd. of Elections.

## MEMORANDUM

PLATT, District Judge.

Defendants have moved to dismiss this action on the ground that this Court lacks jurisdiction over the subject matter thereof because:

"a) it appears on the face of the complaint that the alleged claim does not arise under Title 42, Sections 1971, 1973(c) and 1973(k) of the United States Code;

"b) the complaint fails to show the existence of an actual justiciable controversy or to raise a substantial federal question of the nature required by Article III of the United States Constitution;

"c) the allegations in the complaint fall within the exclusive primary jurisdiction of the BOARD OF ELECTIONS IN THE CITY OF NEW YORK;

"d) the complaint fails to allege a violation of state or federal statute, regulation or practice or to challenge the constitutionality of any such statute, regulation or practice;

"e) the complaint fails to allege or demonstrate any state action;"

and on the further ground that the complaint fails to state a claim upon which relief can be granted because:

"a) the plaintiffs have no standing to institute this action;

"b) defendants are not the proper parties to this action;

"c) the relief prayed for is inappropriate to the facts and circumstances alleged in the complaint;

"d) the judgment (or order) prayed for does not lie in this action;

"e) the alleged controversy between the parties is, on the face of the complaint, not one within Title 28, Section 2201, Title 42, Sections 1971, 1983 of the United States Code or of any other Act of Congress and therefore the relief prayed is inappropriate;"

and also on the ground that the judgment heretofore entered in "*Beatty et ano. v. Esposito, etc.*" in the Kings County Supreme Court on October 28, 1975 "is res judicata as to the issues and claim alleged by plaintiffs" herein.

On the oral argument of the aforesaid motion, and in a letter dated June 13, 1975 addressed to this Court, plaintiffs "cross moved" for a three-judge court under 42 U.S.C. §§ 1973c, 1973j(f), and 28 U.S.C. § 2284, on the ground that in their complaint they are seeking an injunction restraining the defendants from appointing as inspectors of election persons other than those recommended by the elected State Committee members (District Leaders) from Assembly Districts within Kings County, in violation of a practice or procedure with respect to voting in the various districts in the County as that term (i.e., "vote") is defined in 42 U.S.C. § 1971(e).

## THE COMPLAINT

The plaintiffs allege in their complaint that the action is brought pursuant to 42 U.S.C. §§ 1971, 1973c and 1973k; that plaintiff Beatty is the duly elected State Committeeman from the 53d Assembly District and plaintiff Wright is the duly elected State Committeeman from the 54th Assembly District, both in Kings County; that defendant Esposito is Chairman of the Executive Committee of the Kings County Democratic Committee (also known as County Leader), and defendant Golden is Chairman of the Kings County Democratic Committee; that the Election Law of the State of New York provides that the Board of Elections shall designate inspectors of election "in each Election District for each Assembly District" upon the recommendation of the County Chairmen of the Democratic and Republican parties; that for many years in Kings County "it has been a practice of the County Chairman of the Democratic Party to recommend the appointment of those persons recommended to him by the Elected State Committee member (District Leaders) from the Assembly District involved"; that the present County Chairman and his predecessors in that office have recommended the appointment as inspectors of only those persons recommended by the plaintiffs; that on September 1, 1975 the Board of Elections appointed inspectors for the 53d Assembly District to act for one year on the recommendation of plaintiff Beatty as transmitted by the defendant Golden; that on October 22, 1975 the Board of Elections upon the request of defendant Golden removed such inspectors and appointed other persons recommended to them by defendant Golden without the consent and against the advice of plaintiff Beatty; that such removal and replacement action without the recommendation of the plaintiff Beatty constituted a substantial change in election practices within the meaning of 42 U.S.C. § 1973c; and that such change was made without obtaining the prior approval of the U.S. Department of Justice and hence was in violation of the law.

## DISCUSSION

Defendants oppose plaintiffs' application for a three-judge court on the ground that Section 40 of the Election Law of the State of New York provides that the Board of Elections shall make all such appointments from lists of persons filed by each political party entitled to representation, such lists having been authenticated and filed by the Chairman, or under his direction by the Secretary of the County Committee of the particular party, and that under Section 45 of the Election Law such inspectors must be removed by the Board of Elections upon the written request of the official of the political party who certified the name of the inspector and that the New York cases have consistently held that the Chairman of the County Committee (here the defendant Golden) has the sole and exclusive authority to authenticate and file the list of recommended candidates and to request removal of appointees. *Lehner v. O'Rourke*, 339 F.Supp. 309 (S.D.N.Y.1971); *Kuhn v. Clark* (Sup.Ct. Kings Co. June 28, 1974); *Application of Harvey*, 138 Misc. 837, 246 N.Y.S. 152 (Sup.Ct. New York Co. 1929); see also *Sheehan v. McMahon*, 44 App. Div. 63, 60 N.Y.S. 452 (1st Dept. 1899).

Defendants' contentions do not, however, resolve the question presented here, namely: whether or not a practice or procedure has evolved under and pursuant to which the County Chairmen of the major parties have sought and received recommendations for appointments to the positions of inspectors of election from the elected State Committee members and adopted such recommendations as their own in preparing, authenticating and filing recommendations under Section 40 of the Election Law, and further have followed the practice of not requesting removal of any such appointee under Section 45 of the Election Law without first obtaining the consent of the District Leader.

■ If such practices have evolved, as plaintiffs allege, and if they were in force and effect in Kings County on November 1, 1968,* plaintiffs may be entitled to prospective relief herein. The question of whether such practices in fact existed on that date is one which, under 42 U.S.C. § 1973c, "shall be heard and determined by a court of three judges in accordance with the provisions of section 2284 of Title 28". *Allen v. State Board of Elections*, 393 U.S. 544, 560–63, 89 S.Ct. 817, 828–31, 22 L.Ed.2d 1, 13–16 (1969).

In the *Allen* case, the Supreme Court said:

". . . During the Senate hearings on the bill, Senator Fong expressed concern that the word 'procedure' was not broad enough to cover various practices that might effectively be employed to deny citizens their right to vote. In response, the Attorney General said he had no objection to expanding the language of the section, as the word 'procedure' 'was intended to be all-inclusive of any kind of practice.' Indicative of an intention to give the Act the broadest possible scope, Congress expanded the language in the final version of § 2 to include any 'voting qualifications or prerequisite to voting, or standard, practice, or procedure.'

\*    \*    \*    \*    \*    \*

". . . It is significant that Congress chose not to include even these minor exceptions in § 5, thus indicating an intention that all changes, no matter how small, be subjected to § 5 scrutiny," 393 U.S. at pp. 566–568, 89 S.Ct. at pp. 832–833, 22 L.Ed.2d at pp. 17–18 (footnote omitted).

■ In other words, any change, "no matter how small", in a practice with respect to voting that was in force or effect on November 1, 1968, would clear-ly appear to fall within the scope of 42 U.S.C. § 1973c.

■ The word "vote" is defined in 42 U.S.C. § 1971(e) to include "all action necessary to make a vote effective including, but not limited to, registration or other action required by State law prerequisite to voting, casting a ballot, and having such ballot counted and included in the appropriate totals of votes cast with respect to candidates for public office    . . ." Since one of the functions of inspectors of election is to count the ballots and include such count in the appropriate totals of votes cast with respect to candidates for public office, there would appear to be no question but that any practice with respect to their appointment falls within such statutory language.

■ Moreover, there would no longer appear to be any question but that persons such as the plaintiffs in the case at bar have standing to bring and maintain the present action, this question having been settled by the Supreme Court in *Allen v. State Board of Elections, supra.*

■ The sole question to be determined in an action such as this brought by a private litigant is whether the alleged practice is subject to the provisions of the Voting Rights Act and therefore must be submitted for approval by the Attorney General before the same is enforced. That question is a question for a three-judge court to determine, not a single Federal judge. *Allen v. State Board of Elections,* 393 U.S. at pp. 560–63, 89 S.Ct. at pp. 828–31, 22 L.Ed.2d at pp. 13–16. It follows from the provisions of 28 U.S.C. § 2284 that defendants' motion cannot be decided before a three-judge court is convened.

■ With respect to defendants' contention that a decision heretofore made on October 28, 1975, by the Kings Coun-

---

* Kings and other New York counties have been brought within the reach of 42 U.S.C. § 1973c, see *United Jewish Organizations of Williamsburgh, Inc. v. Wilson,* 510 F.2d 512, 515–16 (2d Cir.), *cert. granted,* 423 U.S. 945, 96 S.Ct. 354, 46 L.Ed.2d 276 (1975), but only with respect to practices in effect on November 1, 1968, see 42 U.S.C. § 1973b(b).

ty Supreme Court in an action entitled *Beatty v. Esposito* is res judicata with respect to the issues and claims set forth by the plaintiffs in this action, it goes without saying that if a single judge of this Court may not determine the issues presented herein and only a three-judge Federal court has the power to do so, a State Court Supreme Court Justice has no such power. No decision by a Supreme Court Justice can be said to be res judicata herein.

Plaintiffs have not, to date, filed any formal papers moving for a preliminary or permanent injunction. In the interest of orderly procedure, plaintiffs should do so before this Court makes a formal request to the Chief Judge of this Circuit for the convening of a three-judge court which will be called upon to hear and determine said motion along with defendants' motion to dismiss plaintiffs' complaint.

We note that an evidentiary hearing may be required by the three-judge panel on whether the selection and recommendation of inspectors of election constitutes a "practice" within the meaning of the statute, and that counsel may in the interim wish to conduct some pretrial discovery. Counsel are requested to notify my chambers what they propose to do in the premises.

As soon as plaintiffs' additional motion papers are served and filed and discovery, if any, is completed, the Chief Judge of this Circuit will be asked to designate two other judges pursuant to 28 U.S.C. § 2284(1) to form a court for the determination of the afore indicated issues.